UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLBY HUTTON and KELLEY RICE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PODS ENTERPRISES, LLC,<br><br>Defendant. | No. 2:25-cv-2025<br><br>NOTICE OF REMOVAL<br>(King County Superior Court Case No. 25-2-27007-6 SEA) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: Colby Hutton, Kelley Rice, and their Attorneys of Record

Defendant PODS Enterprises, LLC ("PODS"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court for King County, Case No. 25-2-27007-6 SEA, to the United States District Court for the Western District of Washington. PODS removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

1. On September 19, 2025, Plaintiffs Colby Hutton and Kelley Rice, acting individually and on behalf of a purported class of persons they seek to represent, served the Complaint and Summons on PODS's registered agent, Corporate Creations Network Inc. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings,



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and orders served upon PODS. *See* 28 U.S.C. § 1446(a). Pursuant to LCR 101(b), the Complaint is separately attached as Exhibit B.

2. Removal of this action is therefore timely because PODS filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. PODS removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than PODS; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**Proposed Class Action**

4. Plaintiffs bring this case as a proposed class action, Compl. ¶¶ 78–88 (Ex. B), and seek certification of the putative class under Washington Superior Court Civil Rule ("CR") 23 (*id.* ¶ 78). Washington courts have long held that CR 23 and its federal counterpart are "substantially similar." *See, e.g.*, *Summers v. Sea Mar Cmty. Health Ctrs.*, 541 P.3d 381, 388 (Wash. Ct. App. 2024). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

**Minimal Diversity**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

6. As alleged in the Complaint, Plaintiffs are residents of Washington. Compl. ¶¶ 10–11. Plaintiffs seek to represent a class that comprises the following: "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

in Exhibit A during the Class Period." *Id.* ¶ 78. Exhibit A purports to list examples of seven emails PODS sent and the emails' subject lines. *Id.* ¶¶ 42–43, 46, 50, 54, 56, 60, 75 & Ex. A. Plaintiffs also "reserve the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents." *Id.* ¶ 81.

7. PODS is a Florida limited liability company with its principal place of business also in Florida (as Plaintiffs acknowledge, Compl. ¶ 12). Thereby, PODS is a citizen of Florida for purposes of diversity of citizenship.[1] No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiffs, who are Washington citizens, and the putative class they seek to represent and (ii) PODS, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

8. The number of members of the class that Plaintiffs propose is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 82.

**The Amount in Controversy Is Over $5,000,000**

9. "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims

[1] As detailed in PODS's forthcoming Corporate Disclosure Statement, the sole member of Defendant POD Enterprises LLC is PODS, LLC, a Florida limited liability company. The sole member of PODS, LLC is APLPD Holdco III, LLC, a Delaware limited liability company. The sole member of APLPD Holdco III, LLC is APLPD Holdco II, LLC, a Delaware limited liability company. The sole member of APLPD Holdco II, LLC is APLPD Holdco, Inc., a Delaware corporation. Thus, PODS is also deemed a citizen of the State of Delaware. Given Plaintiffs' Washington citizenship, PODS's additional citizenship does not affect the diversity analysis under 28 U.S.C. § 1332(c)(1).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. If "the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

12. Here, Plaintiffs seek "the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee." Compl. ¶ 105. Plaintiffs also seek "all available relief, including an injunction against further violations." *Id.* ¶ 95. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (injunctive relief and state law claims authorizing attorneys' fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13. Plaintiffs allege that PODS is "engaged in persistent marketing through mass email campaigns across the United States" and that the "sheer volume of email marketing that [PODS] engages in put it on notice that Washington residents would receive its emails." Compl. ¶¶ 64–65. Plaintiffs also allege that the putative class "minimally contain[s] thousands of members." *Id.* ¶ 82.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

14. Without conceding and outright denying any purported liability, based on reasonable assumptions and Plaintiffs' allegations that PODS sent the at least seven emails at issue to "thousands" of putative class members over four years, and with $500 in alleged minimum damages per email, the amount in controversy exceeds $5,000,000, especially when accounting for Plaintiffs' requested attorney's fees, treble damages, and injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiffs seek surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, PODS is entitled to remove the present action to the Court.

16. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiffs through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of PODS's right to assert any defense. PODS reserves the right to assert all applicable claims and defenses in response to the Complaint.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**LCR 101(b) Requirements Are Met**

20. In accordance with LCR 101(b), PODS has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. PODS has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

DATED this 17th day of October, 2025.

DAVIS WRIGHT TREMAINE LLP

By *s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

By *s/ Rachel Herd*
Rachel Herd, WSBA #50339

By *s/ Caitlyn Courtney*
Caitlyn Courtney, WSBA #62344

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
E-mail: laurenrainwater@dwt.com
E-mail: rachelherd@dwt.com
E-mail: caitlyncourtney@dwt.com

*Attorneys for Defendant PODS Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, *pro hac vice* forthcoming
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: 872-263-1100
E-mail: sam@straussborrelli.com
E-mail: raina@straussborrelli.com

Lynn A. Toops, *pro hac vice* forthcoming
Natalie A. Lyons, *pro hac vice* forthcoming
Ian R. Bensberg, *pro hac vice* forthcoming
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: 317-636-6481
E-mail: ltoops@cohenmalad.com
E-mail: nlyons@cohenmalad.com
E-mail: ibensberg@cohenmalad.com

Gerard J. Stranch, IV, *pro hac vice* forthcoming
Michael C. Tackeff, *pro hac vice* forthcoming
Andrew K. Murray, *pro hac vice* forthcoming
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: 615-254-8801
E-mail: gstranch@stranchlaw.com
E-mail: mtackeff@stranchlaw.com
E-mail: amurray@stranchlaw.com

***Attorneys for Plaintiffs***

DATED this 17th day of October, 2025.

*s/ Rachel Herd*
Rachel Herd, WSBA #50339



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax